824 So.2d 494 (2002)
Ward F.J. ODENWALD, Jr., Ward F.J. Odenwald, III, Kay Odenwald, Betty Odenwald Founds, Thomas W. Founds And W. Read Founds
v.
BEWAJOBE CORPORATION, Paul Ward Pottharst, Naomi S.O. Labrousse, Kris Pottharst And Stephen James Pottharst.
No. 2002-CA-0091.
Court of Appeal of Louisiana, Fourth Circuit.
July 24, 2002.
James O.M. Womack, James O.M. Womack, LLC, New Orleans, LA for Defendants/Appellants.
John F. Shreves, Simon, Peragine, Smith & Redfearn, L.L.P., New Orleans, LA, for Plaintiffs/Appellees.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge CHARLES R. JONES, and Judge PATRICIA RIVET MURRAY).
CHARLES R. JONES, Judge.
The Appellant, Bewajobe Corporation, appeals the judgment of the district court finding that article VII(5) of its Articles of Incorporation apply to both moveable and immoveable property and, accordingly, *495 that any transfer of property requires the prior approval of not less than 80% of the total shareholder voting power. The judgment of the district court was in favor of the Appellees, Ward Odenwald, Jr., Ward Odenwald, III, Kay Odenwald, Betty Odenwald Founds, and W. Read Founds. We affirm the decision of the district court.
On May 7, 1976, four siblings formed the Bewajobe Corporation, (hereinafter "Bewajobe"). The founding shareholders capitalized Bewajobe on May 10, 1976 by transferring into the corporation a tract of land located near Folsom, Louisiana. On May 23, 1977 five additional Louisiana properties were transferred into the corporation for additional shares of stock.
For this appeal the Appellant, Bewajobe, is comprised of Paul Pottharst, Kris Pottharst, and Stephen James Pottharst, the three adult offspring of Bentz Pottharst, and Naomi LaBrousse, the widow of Joseph Odenwald.
The initial shareholders of Bewajobe were Joseph Odenwald II, Bentz Odenwald Pottharst, Betty Odenwald Corrigan, and Ward Frederick Joseph Odenwald, all of whom received 250 shares of the no par value common stock at Bewajobe's inception. Bentz Pottharst died in 1982, and her shares of stock passed to her three children. Bewajobe redeemed Betty Corrigan's stock for payment of a debt. Ward Odenwald, Sr. gave his stock in equal shares to the founding shareholders. Joseph Odenwald died in 1997, and his shares of stock passed to his wife, Appellant Naomi La Brousse.
On June 14, 2000, the Appellees, Ward Odenwald, Jr., his three children and two grandchildren, filed a Petition for Declaratory Judgment in the Civil District Court for the Parish of Orleans requesting an interpretation of article VII(5) of the Articles of Incorporation. Bewajobe was made a defendant and filed an Answer. The Appellees filed a Motion for Summary Judgment seeking a summary interpretation of article VII(5). By judgment dated April 16, 2001, the Motion for Summary judgment was denied. The district court reasoned that a hearing was necessary to ascertain the intent of the parties as to the meaning of article VII(5), whether the Appellees' interpretation would lead to absurd results, and to clarify the meaning of "transfer" and "assets". The hearing relating to the interpretation of article VII(5) was held on the Petition for Declaratory Judgment on September 24, 2002. The district court signed its Judgment on October 11, 2001 finding that the clause in question encompasses both moveable and immoveable property, and the transfer of both types of property requires an affirmative vote of 80% of the shareholders of the corporation. Bewajobe timely filed this suspensive appeal.
Article VII(5) was drafted by the initial directors of Bewajobe upon the founding of the corporation. Article VII(5) requires an 80% vote of the total shareholder voting power for "all transfers of corporate assets." Bewajobe, owns 65% of the stock of the corporation, and maintains that the clause applies only to transfers of immoveable property. The Appellees, who own 35% of the stock of record in the corporation, contend that this interpretation would serve to violate the spirit and intent of the provision as intended by the founding shareholders.
In its sole assignment of error, Bewajobe argues that the district court erred in finding that article VII(5) applies to both moveable and immoveable property requiring an affirmative vote of not less than 80% of the total shareholder voting power to transfer corporate assets. Article VII(5), reads as follows:

*496 Shareholder approval is required in connection with and prior to the following corporate actions ...
(5) Any transfer of corporate assets. Such approval shall be given only upon the affirmative vote of not less than 80% of the total shareholder voting power.
In Stark v. Burke, Watt, and Co., 9 La.Ann. 341 (La.1854), the Supreme Court established that "the charter and the subscription constitute a contract between the corporation and its shareholders." In light of this finding, we view Bewajobe's Articles of Incorporation as a contract and apply the following articles:
Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art.2045.

When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art 2046.

Bewajobe argues that the judgment of the district court results in an absurd attempt to run the corporation, and relies upon Cashio v. Shoriak, 481 So.2d 1013 (La.1986), for the proposition that courts should refrain from construing a contract in such a manner as to lead to absurd consequences. Bewajobe also cites La. R.S. 12:73(D), which states, in pertinent part:
Unless otherwise provided in the articles or by-laws, and except as otherwise provided in this Chapter, the authorized person or persons calling a shareholders' meeting shall cause written notice of the time, place, and purpose of the meeting to be given to all shareholders entitled to vote at such meeting, at least ten days and not more than sixty days prior to the day fixed for the meeting.
Bewajobe maintains that interpreting article VII(5) as the Appellees suggest would lead to absurd consequences due to the impossibility of operating a corporation while following requirements of written notice and meetings for all expenditures. Bewajobe further contends that its custom was to disregard article VII(5) when transferring corporate assets because of the inefficiency of a shareholder vote for every expenditure.
The Appellees argue that the clear language of article VII(5) specifically states that the 80% requirement applies to "any corporate assets." Interpreting the contract to apply to moveable property will not lead to absurd consequences due to the numerous methods by which a vote of shareholders may be accomplished. La. R.S. 12:76(A) states that:
Whenever by any provision of law, the articles or the by-laws, the affirmative vote of the shareholders is required to authorize or constitute corporate action, the consent in writing to such corporate action signed by all of the shareholders having voting power on the particular question, shall be sufficient for the purpose, without necessity for a meeting of shareholders.
This statute allows shareholders to vote on corporate actions by means of written consent. Telephone conferences may also be utilized as a substitute for formal meetings, and Bewajobe implemented this method in the past. Therefore, this Court is in agreement with the district court's reasoning that, "with the technology that exists today, it would not be overly burdensome to obtain the votes of the shareholders for the transfer of corporate assets."
Bewajobe further argues that it has not customarily relied upon article VII(5) when conducting business, which merely demonstrates the implicit consent of the shareholders to these actions. According to the trial testimony of Ward Odenwald, *497 Jr., who is the only surviving founding shareholder of the corporation, the 80% vote was implemented from the time of the formation of the corporation when the budget was presented for the shareholders to review and approve. He maintains that these budgets were utilized so that the officers and directors did not have to attain shareholder approval for small expenditures. After a review of the record, we find that the budgets reveal that it would not be overly burdensome for such a vote to be carried out for the transfer of moveable property. Under La. C.C. art.2045, the intent of the parties who formed the contract is determinative of how it should be interpreted. Mr. Odenwald further testified at trial that he was present when article VII(5) was drafted, and he asserts that its purpose was to give the shareholders an opportunity to compromise if they did not agree with the majority. Therefore, we find that the framers intended that this clause apply to moveable and immoveable property, as evidenced by Mr. Odenwald's testimony, and the business practices of the corporation should be carried out accordingly in the future.
To further its argument, Bewajobe contends that the ruling of the district court conflicts with article XI of its Articles of Incorporation. Article XI provides:
Except as provided in these Articles, all powers of this corporation and the business of this corporation shall be managed, controlled, and performed by and through the Board of Directors consisting of four directors.
Bewajobe relies upon McIntosh v. Merchants' and Planters' Insurance Company, 9 La. Ann. 403, 405 (La.1854) for the proposition that a clause of a contract should not be construed so as to silence the other clauses. Bewajobe maintains that if article VII(5) were to apply to moveable property, then article XI would be silenced.
However, the Appellees argue that article VII(5) does not negate article XI, and we agree with this contention. The Appellees focus on the introductory clause of article XI that states "Except as provided in these Articles ...", which serves as an alternative provision for those things not addressed within the Articles of Incorporation. This introductory clause specifically exempts from the Board of Director's control those matters requiring 80% shareholder approval under article VII(5). These articles are thus consistent with one another and operate in a harmonious manner.
Bewajobe has failed to demonstrate that absurd consequences would result should the shareholders comply with article VII(5) and vote on the transfer of moveable property. In fact, neither the testimony nor the briefs support a finding that it would be difficult or outrageous for the shareholders to adhere to the provisions of article VII(5). The evidence instead indicates that the founding shareholders intended Bewajobe to be operated under shareholder control and for the clause to apply to "all corporate assets", whether moveable or immoveable. There is no ambiguity in article VII(5) and this Court finds that no absurd consequences will result from the ruling of the district court.

Decree
For the reasons herein stated, we affirm the judgment of the district court and its interpretation of article VII(5) of the Articles of Incorporation developed by Bewajobe in favor of the Appellees, Ward Odenwald, Jr, Ward Odenwald, III, Kay Odenwald, Betty Odenwald Founds, Thomas W. Founds, and W. Read Founds.
AFFIRMED.